UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE D. WILLIAMS,

    Petitioner,

-vs-                                      Case No. 8:21-cv-636-CEH-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 4), which Petitioner opposes (Docs. 6, 7). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

    On August 21, 2014, Petitioner was found guilty by a jury of first-degree murder of a law enforcement officer (Doc. 5-2, Ex. 1a at 498). He was sentenced to life in prison (*Id*. at 527). His conviction and sentence were affirmed on appeal on February 19, 2016 (Doc. 5-2, Ex. 5).

    On May 10, 2017, Petitioner filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (Doc. 5-3, Ex. 7 at 19-34). After

1

filing supplemental and amended motions, the state post-conviction court issued a final order denying Petitioner relief on August 28, 2019 (*Id.* at 331-34). The denial of relief was affirmed on appeal (*id.*, Ex. 10), and the appellate court mandate issued on December 14, 2020 (*Id.*, Ex. 13). Petitioner filed his federal habeas petition in this Court on March 16, 2021 (Doc. 1 at 33).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on February 19, 2016. Therefore, for purposes of § 2244(d), the judgment became final

ninety (90) days later on May 19, 2016.[1] *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Petitioner's AEDPA statute of limitations period commenced on May 20, 2016. He therefore had until May 19, 2017, in which to file a timely federal habeas petition under § 2254. His habeas petition was filed on March 16, 2021. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period by properly filed state court post-conviction applications.

After 355 days of the AEDPA limitations period elapsed, the period was tolled when Petitioner filed his initial Rule 3.850 motion for post-conviction relief on May 10, 2017. The limitations period remained tolled until the appellate court mandate issued on December 14, 2020. *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186,

---

[1] Because 2016 was a leap year, there were 29 days in February. *See* www.timeanddate.com/calendar/?year=2016&country=1

*1 (11th Cir. Jan. 5, 2017) (federal one-year limitation period is tolled upon properly filed post-conviction motion and remains tolled until the appellate court issues its mandate). At this point, the AEDPA clock started again, with ten days remaining in the limitations period, and ran until it expired on Wednesday, December 23, 2020. Accordingly, Petitioner's federal habeas petition, filed March 16, 2021, is untimely.

**Petitioner has failed to demonstrate entitlement to equitable tolling**

Petitioner argues that his petition should not be dismissed as untimely because he is entitled to equitable tolling (Doc. 1 at docket pp. 31-32; Doc. 6 at docket pp. 1-5). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id*. at 1268.

Petitioner has not met his burden to show he is entitled to equitable tolling. He first contends he is entitled to equitable tolling because on December 15, 2020, before the limitations period expired, he filed a motion for extension of time to file a habeas petition in the United States Supreme Court (Doc. 6 at docket p. 2). He argues that under Florida law, the Supreme Court should have forwarded the motion to this

4

Court for consideration. Moreover, he claims he was led to believe there was no deadline for filing a petition for the writ of habeas corpus because the Supreme Court Clerk's January 12, 2021 letter in response to Petitioner's motion stated, "[p]lease be advised that a writ of habeas corpus is an extraordinary writ in this Court. Rule 20. There is no deadline for the filing of a petition for an extraordinary writ." (Doc. 6 at docket pp. 3-4; Doc. 7 at docket p. 4).

A state prisoner's ignorance of the law does not excuse the untimely filing of a Section 2254 petition. *See Perez v. Florida*, 519 F. Appx. 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

It is apparent from Petitioner's December 15, 2020 motion for extension of time to file a Section 2254 habeas petition he knew there was a statute of limitations for filing a Section 2254 petition and knew he had only 20 days remaining to file the petition (Doc. 7 at docket p. 6). Moreover, the Clerk's letter indicated there was no deadline for filing a writ of habeas corpus in the Supreme Court and said nothing about the deadline for filing a Section 2254 habeas petition in a district court. Thus, Petitioner fails to show the Clerk's letter amounts to an extraordinary circumstance warranting equitable tolling. And even if the letter was an extraordinary

circumstance, it warrants no equitable tolling because the limitations period expired before the letter was written on January 12, 2021 (Doc. 7 at docket p. 4). *See, e.g., Holland v. Florida*, 539 F.3d 1334, 1340 (11th Cir. 2008) (prison officials denying inmate access to "writs room" did not warrant equitable tolling of the AEDPA's one-year statute of limitations where the purported incident occurred after the limitations period had run), *rev'd and remanded on other grounds* 560 U.S. 631 (2010).

To the extent Petitioner contends the Supreme Court failed to forward the motion for extension of time to this Court, the contention likewise warrants no equitable tolling. Even if the Supreme Court had forwarded the motion to this Court, the motion would not have tolled the statute of limitations and would not support equitable tolling. *See, e.g., Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (concluding that a motion for extension of time to file a federal petition for the writ of habeas corpus, standing alone, "is insufficient to toll limitations."). *Cf. Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)). And this Court would have lacked jurisdiction to grant the motion and extend the limitations period because no habeas petition had been filed. *Cf. Swichkow v. United States*, 565 Fed. App'x 840, 843-44 (11th Cir. 2014) (holding that a district court lacks jurisdiction to consider a request for extension of time to file a § 2255 motion where no formal request for habeas relief has been made). Accordingly, Petitioner's first

6

contention warrants no equitable tolling.

Petitioner's second contention is that the impact of the Covid-19 pandemic on him warrants equitable tolling. Specifically, he alleges he contracted the Covid-19 virus which "rendered him fatigued and bedridden" from October 2020 through December 2020, and his only legal assistance "was through institutional mail [and] written requests [to prison law clerks]. . .that took days. . .to weeks. . . ." (Doc. 6 at docket pp. 3-4). Additionally, "[a]ccess to purchase stamps and envelopes for mailing [became] problematic" because "the canteen was temporarily shut down because of the virus."

Limited access to a law library or a prison law clerk is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (rejecting petitioner's contention that his lack of access to prison law clerks was an extraordinary circumstance for purposes of equitable tolling). And while Petitioner claims that the prison canteen "was temporarily shut down because of the virus," making it difficult to purchase stamps and envelopes, his vague and conclusory claim does not establish an extraordinary circumstance. Petitioner does not allege or show

7

he had no stamps or envelopes and could not prepare or send legal mail during this period. In fact, Petitioner's own exhibits reveal that despite his assertions that he was "fatigued and bedridden" and had limited access to stamps and envelopes, he prepared his motion for extension of time to file a Section 2254 petition and mailed it to the United States Supreme Court on December 15, 2020 (Doc. 7 at docket pp. 6-7).

Finally, even if these issues amounted to extraordinary circumstances that prevented Petitioner from filing his Section 2254 petition between October 1, 2020, and December 15, 2020, there is no need to equitably toll the limitations period because it was statutorily tolled between May 10, 2017 (when Petitioner filed his Rule 3.850 motion for post-conviction relief), and December 14, 2020 (when the appellate court mandate issued). Accordingly, Petitioner's second contention warrants no equitable tolling.

Petitioner's third and final contention is that he "assumed he had plenty of time to prepare his writ of habeas corpus" because in response to the Covid-19 pandemic, "many courts" were closed or provided only limited access and "extended deadlines for most post-conviction proceedings." (Doc. 6 at docket p. 4). Initially, Petitioner's contention that he believed he had "plenty" of time to file his habeas petition is belied by his assertions in the December 15, 2020 motion for extension of time that the limitations period "had recommenced[,]" and there were only "20 days

8

remaining." (Doc. 7 at docket p. 6). Moreover, his contention of limited access to courts and extended deadlines is conclusory and supported by no evidence. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292–93 (11th Cir.2002) (holding that the district court did not abuse its discretion in denying an evidentiary hearing on equitable tolling when the petitioner only presented conclusory allegations, without supporting evidence, to support his allegations). Therefore, Petitioner's third contention warrants no equitable tolling.

In sum, because Petitioner failed to file his petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) (A) and because Petitioner failed to establish adequate grounds for equitable tolling, his petition must be dismissed as time-barred.

Accordingly:

1. Respondent's construed motion to dismiss (Doc. 4) is **GRANTED**. Petitioner's petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to close this case.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on December 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Petitioner, *pro se*